IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROBERT ALLEN COX**                                                                                     **PETITIONER**

VS.                               **NO. 5:06CV00149 WRW-BD**

**LARRY NORRIS, Director,**
**Arkansas Dept. of Correction**                                                                  **RESPONDENT**


**RECOMMENDED DISPOSITION**

I.    **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## II.   Background:

On February 24, 2003, Petitioner Robert Allen Cox pled guilty in the Circuit Court of Randolph County, Arkansas, to the following charges in three separate cases: (1) possession of drug paraphernalia with intent to manufacture methamphetamine and possession of methamphetamine with intent to deliver in a 2000 case; (2) possession of methamphetamine and drug paraphernalia in a 2001 case; and (3) possession of methamphetamine with intent to deliver and possession of drug paraphernalia in a 2002 case.  The trial court placed Petitioner on probation for four years on all six of the charges and fined him $1500 for each of the charges of possession of methamphetamine with intent to deliver.

On July 21, 2003, the state filed an amended petition to revoke Petitioner's probation alleging numerous violations of the terms and conditions of his probation. After a hearing, the trial court granted the petition, revoked Petitioner's probation, and sentenced him as follows:  (1) fifteen years in prison for possession of drug paraphernalia with intent to manufacture methamphetamine and forty years in prison for possession of methamphetamine with intent to deliver in the 2000 case; (2) ten years in prison for possession of methamphetamine and ten years in prison for possession of drug

paraphernalia in the 2001 case; and (3) forty years in prison for possession of methamphetamine with intent to deliver and ten years in prison for possession of drug paraphernalia in the 2002 case. The court ordered all of the sentences to be served concurrently.

Petitioner brings this petition for writ of habeas corpus raising four claims: (1) the trial court lacked jurisdiction to sentence him to forty years in prison after it had earlier imposed four years of probation and a fine; (2) the second sentence violates the double jeopardy clause because it punishes him twice for the same offenses; (3) the second sentence is void because his Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights were violated at the probation revocation hearing; and (4) ineffective assistance of counsel. Respondent argues that the Arkansas Supreme Court correctly rejected Petitioner's claims for lack of jurisdiction and ineffective assistance of counsel, and Petitioner's remaining claims are barred because he failed to raise them with the state court. For the reasons set forth below, the Court recommends that the District Court dismiss the Petition (docket entry #1) with prejudice.

### III.   **Procedural Default:**

Respondent argues that Petitioner's claims of double jeopardy and violations of his procedural due process and fair trial rights are procedurally defaulted because they were not raised below.

Habeas relief is available to a petitioner after he or she "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). In order to exhaust, the petitioner must "use the State's established appellate review procedures." *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999). In *Coleman v. Thompson*, the United States Supreme Court set forth the conditions under which a federal court can review a federal claim that has been procedurally defaulted in state court: "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

In this case, Petitioner made a double jeopardy argument in both his Rule 37 petition filed with the trial court and his appeal to the Arkansas Supreme Court. He raised the argument in the context of his overall argument that the trial court lacked jurisdiction to impose a second sentence because it lost jurisdiction when the probation sentence and fine was executed. Petitioner's Arkansas Supreme Court brief stated:

> Certainly Cox could not have been convicted of the two Y felonies on February 24, 2003 because he had already been convicted of them in 2000 and 2002. Such a double conviction is not only a logical impossibility but

4

would violate the most elemental concepts of double jeopardy as written in the Fifth Amendment and Article 2 § 8 of the Arkansas Constitution. Accordingly, Petitioner's double jeopardy claim is not procedurally defaulted.

However, after reviewing the record of proceedings in the trial court and Arkansas appellate courts, the Court does not find any evidence that Petitioner raised his procedural due process and fair trial claims below. Thus, review of these claims is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

A.   *Cause for Default*

The cause and prejudice standard applies to procedural defaults on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Under this standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. In his reply, Petitioner does not argue there was an external factor that impeded his ability to bring his due process and fair trial arguments below. Instead, he argues that there was cause for his default because the issues are "so fundamental as to void the judgment absolutely." This is not cause for his default. Because petitioner has not established cause for his failure to raise his due process and fair trial arguments, it is not necessary to reach the question of prejudice.

B.  *Miscarriage of Justice*

Petitioner also may overcome procedural default by showing that failure to hear his petition will result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*. A claim of actual innocence requires that a petitioner "support his allegation of constitutional error with new reliable evidence . . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*. Petitioner has not come forward with any new evidence of actual innocence in order to overcome the procedural default. Thus, the Court recommends his due process and fair trial claims be dismissed for procedural default.

**IV.   Analysis of Petitioner's Remaining Claims:**

A.  *Lack of Jurisdiction and Double Jeopardy*

Petitioner argues that on July 21, 2003, the trial court lacked subject matter jurisdiction to sentence him to forty years in prison because on March 4, 2003, it imposed a sentence of 48 months of probation and a $3,000 fine, a sentence that became final upon

execution. Further, Petitioner claims, the second sentence violates the double jeopardy clause by punishing him twice for the same offenses.

1.     Standard of Review

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413.

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Siers v. Weber,* 259 F.3d 969, 973 (8th Cir. 2001) (citing *Williams, supra*). See also, *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (holding that where a state court's application of federal law is challenged, that application "must be shown to be not only erroneous but objectively unreasonable.") "In other words, it is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

In addition, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside "only if they are not fairly supported by the record." *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir. 2002) (quoting *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995) and *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006)).

2.  Lack of Jurisdiction

The Petitioner's first argument raises an issue of statutory construction. Petitioner argues ARK. CODE ANN. § 16-93-402(c)[1] applies to prohibit the trial court from imposing any sentencing upon revocation that was more than the 48 months probation and fine that was originally in place. (Docket Entry #1 at 4) ARK. CODE ANN. § 16-93-402(c) provides:

> (1) At any time within the probation period or within the maximum probation period permitted by § 16-93-401 [repealed], the court for the county in which the probationer is being supervised or, if no longer supervised, the court for the county in which he or she was last under supervision may issue a warrant for his or her arrest for violation of probation occurring during the probation period.
> \* \* \*
> (5) Thereupon, the court may revoke the probation and require the probationer to serve the sentence imposed or any lesser sentence which might have been originally imposed.

Thus, Petitioner argues that under ARK. CODE ANN. § 16-93-402(c), he may be sentenced to only 48 months of probation and a $3,000 fine or a lesser sentence, and the trial court was without jurisdiction to impose the greater sentence of 40 years in prison.

In contrast, Respondent argues that upon revocation of Petitioner's probation, ARK. CODE ANN. § 5-4-309(f)(1) permits the trial court to impose any

---

[1] After the parties filed their briefs, technical changes were made to this Arkansas Code by the Arkansas Code Revision Commission. Thus, the code section the Arkansas Supreme Court and parties referred to as ARK. CODE ANN. § 16-93-402(e) is now codified as ARK. CODE ANN. § 16-93-402(c).

9

sentence that may have been imposed originally. ARK. CODE ANN. § 5-4-309(f)(1) provides, "[I]f a court revokes a suspension or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty."

Citing its recently decided case of *Rickenbacker v. Norrs*, 361 Ark. 291, 206 S.W.3d 220 (2005), the Arkansas Supreme Court ruled in favor of the Respondent. In its opinion, the court wrote:

> Section 16-93-402(e)(5) is inapplicable to the instant case based on our decisions in *Rickenbacker*, *Lewis*, and *Diffee*. No sentence was imposed on Cox, as he was placed on four years' probation and fined. Therefore, section 5-4-309(f)(1)(A) applies, and the trial court did not err in ordering appellant to serve a forty-year sentence as it could have done originally.

*Cox*, 365 Ark. 358, ___ S.W.3d. ___, 2006 WL 416849 at *4 (2006).

This Court is bound by a state appellate court's construction of its own statutes. See *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *Ford v. Norris*, 364 F.3d 916, 918 (8th Cir. 2004)(holding a district court cannot overrule the Arkansas Supreme Court on a matter of Arkansas law because it is the final authority on the interpretation of Arkansas law). Accordingly, this Court cannot overrule the Arkansas Supreme Court's decision that ARK. CODE ANN. § 5-4-309(f)(1)(A) applies in this situation to permit the sentence the trial court imposed after revoking Petitioner's probation. Consequently, Petitioner's claim that the trial court lacked jurisdiction to impose the forty-year sentence should be dismissed on this ground unless he can establish that the Arkansas Supreme Court's

ruling violates a "specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent constitutional issue." *Ford*, 364 F.3d at 918 (citing *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir. 1988).

    3.    Double Jeopardy

Petitioner argues that the Arkansas Supreme Court's ruling violates the double jeopardy clause of the Fifth Amendment protecting his right not to be punished for the same offenses twice. This argument has been squarely rejected by the United States Supreme Court. In *United States v. DiFrancesco*, 449 U.S. 117, 137, 101 S.Ct. 426, 437 (1980), the Supreme Court ruled that there is no double jeopardy protection against revocation of probation and the imposition of imprisonment.

The Arkansas Supreme Court's opinion denying Petitioner relief is neither "contrary to" federal law as set out by the United States Supreme Court nor "objectively unreasonable." Accordingly, Petitioner's claims of lack of jurisdiction and double jeopardy should be dismissed.

B.    *Ineffective Assistance of Counsel*

At the second sentencing, the trial judge initially expressed a belief that petitioner's sentence of forty years in prison was not subject to the Arkansas rule requiring Petitioner to serve seventy percent of his sentence before being eligible for parole. After the judge expressed this belief, the prosecutor informed the judge that the sentence was subject to the so-called "seventy-percent rule," and that the rule could not be

11

waived. The prosecutor went on to suggest that if the court wanted to, it could take the seventy percent rule into consideration and impose a lesser sentence. The judge, however, declined to revise the sentence and left the pronounced forty-year sentence in place. Petitioner claims that his lawyer's performance was constitutionally deficient because he failed to object to the trial judge's sentence.

    1.    Standard of Review

The Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of the proceeding. "That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough,* 540 U.S. at 5 (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Thus, in order to prevail on a habeas corpus claim of ineffective assistance of counsel, a petitioner must show: (1) that trial counsel's performance was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney; and (2) that there is a reasonable probability the outcome of the trial would have been different but for the substandard performance of trial counsel. See *Strickland,* 466 U.S. at 687-94. Furthermore, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew*, 436 F.3d at 1016 (citing *Strickland*, 466 U.S. at 689); see also *Middleton,* 455 F.3d at 845. Stated another way,

"[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough*, 540 U.S. at 8.

    2.    Ineffective Assistance of Counsel

In this case, the Arkansas Supreme Court's opinion correctly notes that there is no evidence that the outcome of the proceeding would have been different had Petitioner's counsel objected to the sentence. *Cox*, 365 Ark. 358, ___, ___ S.W.3d. ___, 2006 WL 416849 at *4 (2006). The prosecutor brought the issue of Arkansas's seventy-percent rule to the court's attention and then provided the court a correct statement of the law. After hearing the prosecutor's statements, the Judge chose to leave the sentence intact. Further, as the Arkansas Supreme Court points out in its opinion, the trial judge wrote in his order denying the Rule 37 petition that, "nothing defense counsel could have said at that point would have caused the court to change the sentence given the defendant." *Id*.

It is not ineffective assistance to fail to make an objection that is without merit. See *Glick v. Lockhart*, 770 F.2d 737, 738 (8th Cir. 1985). The state court's conclusion that an objection would have made no difference in the outcome of the trial is not contrary to federal law and is eminently reasonable. Accordingly, Petitioner's claim of ineffective assistance of counsel should be dismissed.

**V.**    <u>**Conclusion**</u>

The Court recommends that Petitioner's petition for writ of habeas corpus (docket entry #1) be dismissed with prejudice.

DATED this 29th day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE